IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| STUART L. SKINNER, JR., EXECUTOR OF THE ESTATE OF STUART LEWIS SKINNER, DECEASED, | : : : |
| Plaintiff | : : |
| v. | : : |
| UNITED STATES OF AMERICA, | : : |
| Defendant | : : |

Case No. 1:19-cv-468-TSE-IDD

**JOINT MOTION FOR SETTLEMENT APPROVAL**

**COME NOW** plaintiff Stuart L. Skinner, Jr., Executor of the Estate of Stuart Lewis Skinner, Deceased, by counsel, and defendant United States of America, by counsel, and pursuant to Virginia Code § 8.01-55 petitions for approval of the settlement of this wrongful death suit brought under the Federal Tort Claims Act[1] based on the following:

1. Plaintiff's decedent, Stuart Lewis Skinner, died on December 17, 2017 in Manassas, Virginia.

2. Plaintiff qualified on April 18, 2018 in the Prince William County Circuit Court as the Executor of Stuart Lewis Skinner's estate.

---

[1] The Federal Tort Claims Act provides that a district court must apply the law of the State in which "the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also United States v. St. Louis Univ.*, 336 F.3d 294, 300 (4th Cir. 2003). The parties agree that here, because many of the relevant alleged wrongful acts or omissions occurred within the Commonwealth of Virginia (at Fort Belvoir, Virginia), Virginia law applies to this action. To that end, Virginia Code § 8.01-55 requires Court approval of compromises of claims for wrongful death. At the Court's direction, the parties now seek this Court's approval of their compromise settlement of this civil action in the event that § 8.01-55 constitutes the type of substantive state law that is applicable to a FTCA action against the United States. Dkt. No. 30; *see, e.g.*, *Cibula v. United States*, 551 F.3d 316, 320 (4th Cir. 2009).

3. Stuart Lewis Skinner, Deceased, is survived by Stuart L. Skinner, Jr. (son), Stethanie L. Skinner (daughter), and Ulonda L. Skinner (daughter).[2]

4. Mr. Skinner died in December 2017, as a result of complications from esophageal cancer.

5. Plaintiff's position in this civil action is that medical personnel employed by the Department of Veterans Affairs breached the standard of care by failing to perform certain tests (primarily an upper endoscopy), which would have detected Mr. Skinner's malignancy such that his life would have been meaningfully extended. The United States denied these allegations. Both parties have disclosed expert witnesses in support of their respective positions, and would have presented such testimony for this Court's consideration at trial.

6. Plaintiff has asserted a claim against defendant for Stuart Lewis Skinner's death. The defendant, without admitting any liability, but distinctly denying such liability, has nevertheless offered to compromise the plaintiff's claim for the wrongful death of Stuart Lewis Skinner for the sum of Four Hundred and Seventy-Five Thousand Dollars ($475,000.00) provided the plaintiff, on behalf of the Estate of Stuart Lewis Skinner and Stuart L. Skinner, Jr., Stethanie L. Skinner, and Ulonda L. Skinner, executes the attached Settlement Agreement

---

[2] The parties agree that Stewart L. Skinner, Jr. and Patricia Reidmann have no claim to any damages in this case. In particular, plaintiff asserts that despite his name, Stewart L. Skinner, Jr. is not the biological son of the decedent, based on the decedent's deployment to Vietnam at the time of Stewart L. Skinner, Jr.'s conception and birth. Plaintiff further asserts and defendant does not dispute that Patricia Reidmann was legally adopted by a German family shortly after her birth, terminating any parent-child relationship between the decedent and Ms. Reidmann. The parties agree that neither Stewart L. Skinner, Jr. nor Patricia Reidmann had any meaningful relationship with the decedent. Accordingly, the parties agree that neither is entitled to any damages under Va. Code § 8.01-55.

(*Exhibit* 1), containing a release to and in favor of defendant, for full and complete settlement of any and all claims against defendant arising out of the death of Stuart Lewis Skinner.

7. Plaintiff has indicated his belief that this compromise offer is fair and reasonable under all of the circumstances of this matter and is in the best interest of the Estate of Stuart Lewis Skinner, deceased, for the following reasons:

    a. The nature of the liability asserted;

    b. The expense and time involved in further litigation of this matter; and

    c. The inability to predict the outcome of litigation in terms of the prevailing party or amount of damages awarded;

8. Accordingly, the parties move this Honorable Court for approval of this settlement and for entry of an Order:

    a. Approving settlement of plaintiff's claims against the defendant for the sum of Four Hundred and Seventy-Five Thousand Dollars ($475,000.00).

    b. Authorizing the plaintiff, on behalf of the Estate of Stuart Lewis Skinner, deceased, to execute a release to and in favor of Petitioner for full and complete settlement of any and all claims against defendant in return for the settlement amount of Four Hundred and Seventy-Five Thousand Dollars ($475,000.00).

    c. Authorizing distribution as follows:

        i. To the law firm of TrialHawk Litigation Group, LLC in the amount of One Hundred Six Thousand Eight Hundred Seventy-Five Dollars ($106,875.00) for attorney fees;[3]

        ii. To the law firm of Bertram Law Group, PLLC in the amount of Eleven Thousand Eight Hundred Seventy-Five Dollars ($11,875.00) for attorney fees;[3]

---

[3] In accordance with 28 U.S.C. § 2678, the combined attorneys fees for services rendered total One Hundred Eighteen Thousand Seven Hundred Fifty Dollars ($118,750), which is 25% of the total settlement amount of Four Hundred Seventy-Five Thousand Dollars ($475,000).

    iii. To the law firm of TrialHawk Litigation Group, LLC in the amount of Twenty-Six Thousand Eight Hundred Fifty-Two Dollars and Forty-Two Cents ($26,852.42) for reimbursement of advanced litigation costs;

    iv. To the law firm of TrialHawk Litigation Group, LLC in the amount of Three Thousand One Hundred Forty-Seven Dollars ($3,147.58) for payment of unknown unpaid costs (to be held for 30 days, after which any remainder goes to the beneficiaries of the Estate of Stuart Lewis Skinner in proportion to the amounts set forth below);

    v. To Stuart L. Skinner, Jr., in the amount of One Hundred Ninety-Five Thousand Seven Hundred Fifty Dollars ($195,750.00);

    vi. To Stethanie L. Skinner, in the amount of Sixty-Five Thousand Two Hundred Fifty Dollars ($65,250.00); and

    vii. To Ulonda L. Skinner, in the amount of Sixty-Five Thousand Two Hundred Fifty Dollars ($65,250.00).

WHEREFORE, the plaintiff, Stuart L. Skinner, Jr., Executor of the Estate of Stuart Lewis Skinner, deceased, and the defendant United States of America respectfully request that the Court approve the compromise settlement agreed to as hereinabove set forth; that the Court order the distribution of the settlement proceeds as hereinabove set forth; and that the Court thereafter dismiss this case with prejudice.

Dated: May 22, 2020

TRIALHAWK LITIGATION GROUP, LLC
11710 Plaza America Drive, Suite 2000
Reston, VA 20190
T: 703.871.5060 / F: 703.871.5080
Email: rnagle@trialhawk.com / tmarkley@trialhawk.com / jknaack@trialhawk.com

By:             /s/
    Richard L. Nagle, Esq., VSB No. 34265
    Travis W. Markley, Esq., VSB No. 75152
    James N. Knaack, Esq., VSB No 65644

G. ZACHARY TERWILLIGER, UNITED STATES ATTORNEY
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, VA 22314
T: 703.299.3785 / 703.299.3799 / 703.838.2629 / F: 703.299.3983
Email: lizzie.spavins@usdoj.gov / catherine.yang@usdoj.gov / jeffrey.hall2@usdoj.gov

By:             /s/
    Elizabeth A. Spavins, Esq. / Catherine M. Yang, Esq., Assistant United States Attorneys
    Jeffrey Hall, Esq., Special United States Attorney
    *Counsel for Defendant*